UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CONSTANCE FUREY,                                              Docket No.:


      Plaintiff,                                             **COMPLAINT**

v.                                                            **Jury Trial Demanded**

SCO FAMILY OF SERVICES and
MADONNA HEIGHTS SERVICES,

      Defendants.
-------------------------------------------------------------X

CONSTANCE FUREY ("Plaintiff" or "Mrs. Furey"), by and through her attorneys, THE LAW FIRM OF ADAM C. WEISS, PLLC, files this Complaint against Defendants, SCO FAMILY OF SERVICES and MADONNA HEIGHTS SERVICES, and alleges, upon knowledge as to herself and his own actions and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for damages initiated against the Defendants for its unlawful age and disability discrimination, and retaliation against Plaintiff in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL").

2. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendants do business in this District.

3. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 139l(b)(i), as the Defendants reside within this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4. Plaintiff filed a Charge with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No: 520-2023-02794 AND EEOC Charge No: 520-2023-03126, on or about November 30, 2022, based on race, sex, and retaliation discrimination. Efforts to mediate the charge by the EEOC as requested by the EEOC were declined and Plaintiff requested a Right to Sue Letter. Plaintiff received his Right to Sue Letter on or about March 22, 2023. A copy of the Right to Sue Letter is annexed hereto as Exhibit "A". Plaintiff has timely filed the instant matter within 90 days of receiving that letter.

**PARTIES**

5. At all relevant times herein, Plaintiff was and is a resident of the State of New York.

6. At all relevant times herein, Plaintiff is a "person" and an "employee" within the meaning of Title VII and NYSHRL.

7. At all relevant times herein, Defendants are "employers" within the meaning of Title VII and NYSHRL, maintaining their principal place of business in Nassau County, New York.

8. At all relevant times herein, Defendants each employed 20 or more employees.

## **BACKGROUND FACTS**

6. Mrs. Furey, who is 73 years old, was employed by Defendant SCO Family of Services/Madonna Heights ("Madonna Heights") as a special education teacher for twenty-one (21) years prior to her unlawful termination on June 21, 2022.

7. Throughout her tenure at Madonna Heights, Mrs. Furey was one of the school's most important and versatile teachers, evidenced by her being the longest-serving teacher at the school prior to her unlawful termination.

8. In fact, many former Madonna Heights students still seek her out, citing the positive influence she has had on their lives, which is purportedly Madonna Heights' "mission".

9. Mrs. Furey is well-known amongst Madonna Heights' staff for her devotion, cooperation, and willingness to help students in and outside the classroom.

10. Mrs. Furey has continuously turned down and not sought higher-paying positions despite her relatively low compensation level at Madonna Heights because the mission of Madonna Heights was much more important to her.

11. In the Fall of 2011, two students became engaged in a physical altercation and Mrs. Furey, as required, attempted to separate them.

12. One of the students knocked Mrs. Furey on the floor, severely damaging her left knee.

13. The injury required surgery to completely replace Mrs. Furey's left knee, which occurred in January of 2012.

14. In addition to the destruction of her left knee, this severe injury resulted in 17 stitches to her head and numerous large bruises to much of the left side of her body.

15. Most recently in the Fall of 2020, a student physically assaulted Mrs. Furey from behind, throwing her to the floor and fracturing her right hip, wherein the leg femur bone was crushed into the hip socket.

16. As a result, Mrs. Furey's walking gait is noticeably permanently impaired, and a total hip replacement is being considered by her orthopedic surgeon in the near future.

17. Subsequent to Mrs. Furey's return to work after this blindside assault, incredibly, the School administration required and allowed the same perpetrator to be a regular student in some of Mrs. Furey's classes over the last year plus.

18. Additionally, during this extended time period until termination, certain students in Mrs. Furey's classes repeatedly made verbal threats of physical violence toward her.

19. Mrs. Furey reported these incidents in five or more written "Behavior Reports" to her Principal and additionally also verbally person-to-person to her on at least three occasions.

20. The Principal failed to respond to any of Mrs. Furey's fears for her safety in clear violation of SCO written ethics (documents/mandates) and failed to remove the hazardous threatening workplace environment that she allowed to continue.

21. Despite the above obstacles, along with all others inherent with teaching special education students, Mrs. Furey's performance was nothing short of sensational, which has been reflected in her annual performance reviews between 2001 and June 2021.

22. In June 2021, her overall Annual Review stated "Meets Expectations PLUS."

23. Despite having positive annual reviews, beginning in or about February 2020, Madonna Heights' Principal, Carmen Pinto ("Ms. Pinto"), began engaging in a campaign aimed at either forcing Mrs. Furey to resign and/or fabricate a "record" of poor

performance where there is none in order to set Mrs. Furey up for termination on the requisite "just cause" grounds.

24. Indeed, on February 24, 2020, Ms. Pinto presented Mrs. Furey with a Performance Improvement Plan ("PIP") that dealt with her position as CSC Chair citing numerous instances of "poor performance" allegedly attributable to Mrs. Furey over the prior year.

25. None of these alleged instances of "poor performance" were ever brought to Mrs. Furey's attention prior to receiving the PIP.

26. Mrs. Furey disputed the PIP upon receipt and subsequently received another PIP in June 2020.

27. Upon review of the June 2020 PIP, Mrs. Furey submitted a detailed Response to the allegations in the PIP, addressing and rebutting the PIP point by point.

28. Ms. Pinto even acknowledged after the receipt of Mrs. Furey's Response that at least one allegation was in error.

29. On or about January 21, 2022, Ms. Pinto continued her campaign to undermine all the exemplary work that Mrs. Furey had performed at Madonna Heights by presenting Mrs. Furey with yet another PIP.

30. Again, Mrs. Furey submitted a detailed Response to the January 21, 2022 PIP.

31. Among other things, Mrs. Furey's Response rebutted the PIP by demonstrating that it was based on incomplete and inaccurate information.

32. Although this PIP was set to expire on April 24, 2022, Ms. Pinto verbally told Mrs. Furey on or about May 19, 2022, that the PIP was being extended until the last day

of school in June 2022 without providing any explanation how Mrs. Furey had failed to meet the expectations of her position.

33. On June 10, 2022, Ms. Pinto told Mrs. Furey that she "needs to consider retirement"

34. On June 21, 2022, Mrs. Furey was terminated from her employment with Madonna Heights, based on the pretext of "poor performance."

35. Mrs. Furey believes that her termination was due to age and disability discrimination, as well as in retaliation for her having complained about workplace safety and discrimination.

36. Mrs. Furey has been damaged as a result of Defendant's unlawful conduct, including lost wages, lost benefits, and other compensatory, as well as emotional distress and humiliation.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Age Discrimination in Violation of the ADEA)

37. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 36 with the same force and effect as if more fully set forth herein.

38. The ADEA prohibits employment discrimination against persons 40 years of age or older in the terms, conditions, and privileges of employment on the basis of an individual's age.

39. At all relevant times herein, Plaintiff was a member of a protected class due to her age.

40. At all relevant times herein, Plaintiff was qualified for employment with Defendants and was able to perform the essential functions of the job.

41. Defendants subjected Plaintiff to disparate treatment because of Plaintiff's age.

6

42. Defendants discriminated against Plaintiff in violation of the ADEA by terminating Plaintiff on the basis of her age.

43. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's rights under the ADEA and is thereby liable to Plaintiff for compensatory and punitive damages under the ADEA.

44. As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, inconvenience, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and loss of reputation.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Age Discrimination in Violation of NYSHRL)

45. Plaintiff realleges and incorporates by reference the allegations set forth above with the same force and effect as if more fully set forth herein.

46. The NYSHRL prohibits employment discrimination against persons 18 years of age or older in the terms, conditions, and privileges of employment on the basis of an individual's age.

47. At all relevant times herein, Plaintiff was a member of a protected class due to her age.

48. At all relevant times herein, Plaintiff was qualified for employment with Defendants and was able to perform the essential functions of the job.

49. Defendants subjected Plaintiff to disparate treatment because of Plaintiff's age.

50. Defendants discriminated against Plaintiff in violation of the NYSHRL by terminating Plaintiff on the basis of her age.

51. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's rights under the NYSHRL and is thereby liable to Plaintiff for compensatory and punitive damages under the NYSHRL.

52. As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, inconvenience, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and loss of reputation.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Disability Discrimination in Violation of the ADA)

53. Plaintiff realleges and incorporates by reference the allegations set above with the same force and effect as if more fully set forth herein.

54. The ADA prohibits discrimination on the basis of disability in the terms, conditions, and privileges of employment.

55. At all relevant times herein, Plaintiff was a member of a protected class due to her disability.

56. At all relevant times herein, Plaintiff was qualified for employment with Defendants and was able to perform the essential functions of the job.

57. Defendants subjected Plaintiff to disparate treatment because of Plaintiff's disability.

58. Defendants discriminated against Plaintiff in violation of the ADA by terminating Plaintiff on the basis of her disability.

59. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's rights under the ADA and is thereby liable to Plaintiff for compensatory and punitive damages under the ADA.

60. As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, inconvenience, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and loss of reputation.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Disability Discrimination in Violation of NYSHRL)

61. Plaintiff realleges and incorporates by reference the allegations set above with the same force and effect as if more fully set forth herein.

62. The NYSHRL prohibits discrimination on the basis of disability in the terms, conditions, and privileges of employment.

63. At all relevant times herein, Plaintiff was a member of a protected class due to her disability.

64. At all relevant times herein, Plaintiff was qualified for employment with Defendants and was able to perform the essential functions of the job.

65. Defendants subjected Plaintiff to disparate treatment because of Plaintiff's disability.

66. Defendants discriminated against Plaintiff in violation of the NYSHRL by terminating Plaintiff on the basis of her disability.

67. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's rights under the NYSHRL and is thereby liable to Plaintiff for compensatory and punitive damages under the NYSHRL.

68. As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, inconvenience, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and loss of reputation.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
**(Retaliation in Violation of the ADEA)**

69. Plaintiff realleges and incorporates by reference the allegations set above with the same force and effect as if more fully set forth herein.

70. The ADEA makes it unlawful for an employer to retaliate against an employee for opposing the employer's discriminatory practices or participating in an investigation or proceeding under the ADEA.

71. Plaintiff engaged in a protected activity under the ADEA by complaining to Defendants regarding age discrimination from which she suffered.

72. Defendants retaliated against Plaintiff for opposing age discrimination in violation of the ADEA.

73. Defendants' retaliation against Plaintiff was so distracting that it interfered with Plaintiff's ability to work and made it more difficult for her to perform her job.

74. As a result of Defendants' retaliatory conduct, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory

damages for, inter alia, inconvenience, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and loss of reputation.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Retaliation in Violation of the ADA)

75. Plaintiff realleges and incorporates by reference the allegations set above with the same force and effect as if more fully set forth herein.

76. The ADA makes it unlawful for an employer to retaliate against an employee for opposing the employer's discriminatory practices or participating in an investigation or proceeding under the ADA.

77. Plaintiff engaged in a protected activity under the ADA by complaining to Defendants regarding age discrimination from which she suffered.

78. Defendants retaliated against Plaintiff for opposing age discrimination by in violation of the ADA.

79. Defendants' retaliation against Plaintiff was so distracting that it interfered with Plaintiff's ability to work and made it more difficult for her to perform her job.

80. Defendants retaliated against Plaintiff in violation of the ADA by terminating Plaintiff on the basis of his opposition and complaints concerning age discrimination.

81. As a result of Defendants' retaliatory conduct, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, inconvenience, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and loss of reputation.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS

### (Retaliation in Violation of NYSHRL)

82. Plaintiff realleges and incorporates by reference the allegations set above with the same force and effect as if more fully set forth herein.

83. The NYSHRL makes it unlawful for an employer to retaliate against an employee for opposing the employer's discriminatory practices or participating in an investigation or proceeding under the NYSHRL.

84. Plaintiff engaged in a protected activity under the NYSHRL by complaining to Defendants regarding the discrimination from which she suffered.

85. Defendants retaliated against Plaintiff for opposing age and disability discrimination in violation of the ADA.

86. Defendants' retaliation against Plaintiff was so distracting that it interfered with Plaintiff's ability to work and made it more difficult for her to perform her job.

87. Defendants retaliated against Plaintiff in violation of NYSHRL by terminating Plaintiff on the basis of her opposition and complaints concerning age discrimination.

88. As a result of Defendants' retaliatory conduct, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages for, inter alia, inconvenience, loss of enjoyment of life, mental anguish, emotional distress, humiliation, and loss of reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Constance Furey respectfully requests that this Court grant the following relief:

89. A declaratory judgment that the actions and practices of Defendant violated the ADEA, ADA, and NYSHRL;

90. An order directing Defendants to reinstate Plaintiff to her former position, or an equivalent position, with full seniority and benefits;

91. All damages which Plaintiff has sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits she would have received but for Defendants' discriminatory practices, and for inconvenience, loss of enjoyment, emotional distress, humiliation, loss of reputation, and mental anguish;

92. Front pay to Plaintiff until such time as he can be placed in the position he would have occupied but for Defendants' discriminatory practices or a substantially similar position with another employer;

93. Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct;

94. Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

95. Pre-judgment and post-judgment interest, as provided by law; and

96. Granting Plaintiff other and further relief as this Court finds necessary and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Constance Furey demands a trial by jury on all issues and claims in this action.

Dated: June 1, 2023
 Glen Cove New York

                                  Respectfully submitted,

_____
Adam C. Weiss, Esq. (ACW-5752)
The Law Firm of Adam C. Weiss, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323
adam@acweisslaw.com